CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Luis Marquez**, <br><br> Plaintiff, <br><br> v. <br><br> **ARCP UO Portfolio IV, LP,** a Delaware Limited Partnership; **ARCP GP UO Portfolio IV, LLC,** a Delaware Limited Liability Company; **APRO, LLC,** a Delaware Limited Liability Company; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Luis Marquez complains of ARCP UO Portfolio IV, LP, a Delaware Limited Partnership; ARCP GP UO Portfolio IV, LLC, a Delaware Limited Liability Company; APRO, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

Complaint

2. Defendants ARCP UO Portfolio IV, LP, and ARCP GP UO Portfolio IV, LLC owned the real property located at or about 10211 E. Alondra Blvd., Bellflower, California, in April 2018.

3. Defendants ARCP UO Portfolio IV, LP, and ARCP GP UO Portfolio IV, LLC own the real property located at or about 10211 E. Alondra Blvd., Bellflower, California, currently.

4. Defendant APRO, LLC owned the 76 Gas Station located at or about 10211 E. Alondra Blvd., Bellflower, California, in April 2018.

5. Defendant APRO, LLC owns the 76 Gas Station ("Gas Station") located at or about 10211 E. Alondra Blvd., Bellflower, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Gas Station in April 2018 with the intention to avail himself of its goods or services and to assess the business for compliance with the disability access laws.

11. The Gas Station is a facility open to the public, a place of public accommodation, and a business establishment.

12. Air pumps are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Gas Station.

13. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide an accessible path of travel leading to the air pump.

14. Currently, the defendants fail to provide accessible path of travel to the air pump.

15. Plaintiff personally encountered this barrier.

16. By failing to provide accessible air pump, the defendants denied the plaintiff full and equal access.

17. The failure to provide an accessible air pump created difficulty and discomfort for the Plaintiff.

18. The Gas Station store has a sales counter where it handles its transactions with customers.

19. Even though the plaintiff did not confront the barrier, the defendants fail to provide an accessible sales counter.

20. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with

Complaint

disabilities.

21. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

22. Plaintiff will return to the Gas Station to avail himself of its services and to determine compliance with the disability access laws once it is represented to him that the Gas Station and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

23. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

24. Plaintiff re-pleads and incorporates by reference, as if fully set forth

again herein, the allegations contained in all prior paragraphs of this complaint.

25. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

  a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.
  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

26. When a business provides facilities such as an air pump, it must provide an accessible path of travel to the air pump.

27. Here, no such accessible air pump has been provided.

28. When a business provides facilities such as a sales or transaction

counter, it must provide an accessible sales or transaction counter.

29. Here, no such accessible sales counter has been provided.

30. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

31. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

32. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

34. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

35. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

36. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: June 20, 2019               CENTER FOR DISABILITY ACCESS

By:  _____

Russell Handy, Esq.
Attorney for plaintiff